[Civ. No. 12428. Third Dist. May 17, 1971.]

BARBARA A. GARDNER, Plaintiff and Appellant, v.
SULLIVAN & CROWE EQUIPMENT COMPANY,
Defendant and Respondent.

## COUNSEL

Packard & Pugh and David W. Packard for Plaintiff and Appellant.

L. C. Smith and Daniel S. Carlton for Defendant and Respondent.

## OPINION

**BRAY, J.**[*]—Plaintiff appeals from judgment in favor of defendant after trial by the court.

### QUESTION PRESENTED

Civil Code section 3440 in its applicability to the transfer to plaintiff of the community assets is not repealed by the Commercial Code.

### RECORD

On April 30, 1966, in a divorce action filed by plaintiff, and then pending, she and Calvin Gardner, her husband, entered into a marital property settlement agreement. She received a promissory note for $45,000 signed by him and secured by a lien on all the property awarded to husband. Prior to the agreement, Calvin purchased from defendant a log loader on a conditional sales contract. Thereafter, on May 2, 1966, Calvin purchased from defendant a water truck, also on a conditional sales contract.[1] On June 30, 1967, defendant repossessed both pieces of equipment for failure to pay the purchase price. On October 24, 1967, both were sold at public sale. The amount received for the log loader was in excess of the amount necessary to pay off the contract balance and expenses of sale. The amount received for the water truck was less than its contract balance. Defendant applied the excess from the log loader sale to the water truck contract deficiency and to an open book account incurred by Calvin on September 14, 1966, leaving a net loss.

The log loader was purchased over two years prior to the settlement agreement. The water truck was purchased two days after the marital property agreement was entered into, and the book account was incurred some four and one-half months subsequent to the agreement. Defendant knew nothing of the agreement nor of the pendency of the divorce at the

---

[*]Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]An interlocutory decree of divorce was entered in the divorce action on May 13, 1966, and a final decree on May 25, 1967.

time of any transaction with Calvin. There never was a change of possession of the loader or the truck from Calvin to plaintiff.

On October 5, 1966, plaintiff filed with the Secretary of State a financing statement relative to her lien against Calvin's equipment, and on October 19, 1967, plaintiff served upon defendant "Notice of Subordinate Security Interest and Demand," claiming any proceeds from the sale of the loader in excess of the amount necessary to pay the amount due defendant on the loader. At the time of the trial the amount due plaintiff on the note executed by Calvin was $25,011.

This action was brought by plaintiff to recover the sum of $4,427.01, being the excess of the price received by defendant from the sale of the log loader over the indebtedness owing on it.

After trial the court rendered judgment in favor of defendant.

### Civil Code Section 3440 Applies

Plaintiff concedes that the moneys received by defendant from the sales of the loader and the water truck were properly applicable to the indebtedness due defendant under the respective conditional sales contracts. However, she contends that defendant had no right to apply the excess received from the sale of the loader to the deficiency on the water truck after its sale, or to the balance due on the open book account, because, she contends, the lien granted her on all the community property by the marital property settlement agreement is superior to the unsecured indebtedness of the water truck contract deficiency and the open book account. The court held that plaintiff's lien was void as to defendant as a creditor of the husband because of Civil Code section 3440, which in pertinent part provides: "Every transfer of personal property and every lien on personal property made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery followed by an actual and continued change of possession of the things transferred, is conclusively presumed fraudulent and void as against the transferor's creditors while he remains in possession. . . ."

Section 3440 contains certain exceptions to its application. The one on which plaintiff relies is subdivision (c): "Security interests . . . governed by the Uniform Commercial Code. . . ." Plaintiff contends that the transfer to her by her husband gave her a "security interest" in all his property so she was entitled to the excess from the sale of the loader over the indebtedness due defendant on the loader and expenses of sale. Section 9401 of the Commercial Code provides in pertinent part that "to perfect a security interest" in a situation such as the instant case a "financing state-

ment" must be filed in the office of the Secretary of State. Plaintiff filed such a statement on October 5, 1966, which was subsequent to defendant's conditional sales contracts and to the open book account.

Section 1746 of the Civil Code (creditor's rights against sold goods in seller's possession) was replaced by Commercial Code section 2402. Subdivision (1) of that section vests the buyer, and consequently his creditors, with a right to attachment superior to unsecured creditors of seller except under the situations described in subdivisions (2) and (3). Subdivision (2) recognizes the rule of law set forth in Civil Code section 3440 but excepts from the operation of such rule a "retention of possession in good faith and current course of trade by a merchant-seller for a commercially reasonable time after sale or identification. . . ." Subdivision (3)(b) limits the operation of the exception by acknowledging that delivery or identification by way of satisfying or securing an antecedent obligation cannot defeat the law of fraudulent conveyances or preferences of the state where the goods are situated.

In 1967 there was added to Civil Code section 3440 the following: "Subdivision (2) of Section 2402 of the Commercial Code is not restricted by the provisions of this section." Therefore, the effect of subdivision (2) on the operation of section 3440 is merely to eliminate the conclusive presumption of fraud where the requirements of the exception are met.

As said by the trial judge, the fact that section 3440 was amended and not repealed after enactment of the Commercial Code, or not repealed with reference to liens, indicates that section 3440 still has its applicability to situations like the one in the case at bench.

It is clear that section 3440, as modified by subdivision (2) of Commercial Code section 2402, is applicable: "If the goods are in California, CC § 3440 creates a conclusive presumption of fraud at the transfer of personal property in the possession of the transferor if there is not immediate delivery followed by actual and continued change of possession." (Cal. Commercial Law (Cont. Ed. Bar) p. 642.) The transaction does not fall within the exception of section 2402, subdivision (2). Calvin was not a "merchant" retaining goods "for a commercially reasonable time after a sale." Plaintiff's lien is conclusively presumed fraudulent as against Calvin's creditors. Defendant can invoke section 3440 even though it was an unsecured creditor as to the truck contract deficiency and the open book account. In *In re Trinity Tractor Co.* (1970) 3 Cal.App.3d 428 [83 Cal. Rptr. 783], one party contended that a certain creditor was not entitled to invoke section 3440 because he was a secured creditor who was not

looking to the general assets of the seller for repayment of the money advanced but was looking specifically at the equipment subject to the conditional sales contract. The court held at page 439: "The code section does not make any distinction between totally unsecured creditors and those creditors who have realized upon their security and are seeking to recover any deficiency which may exist."

The trial court correctly refused to recognize plaintiff's lien in the excess proceeds from the sale of the log loader because her lien was a secret lien without change of possession. Therefore, section 3440 applies and the complex of rights delineated by the Commercial Code does not apply.

Judgment affirmed.

Pierce, P. J., and Regan, J., concurred.